UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Rigoberto GOMEZ-Sanchez,<br><br>    Defendant | Magistrate Docket No.<br><br>**'08 MJ 1645**<br><br>COMPLAINT FOR VIOLATION OF: _____<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **May 18, 2008** within the Southern District of California, defendant, **Rigoberto GOMEZ-Sanchez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 27th DAY OF **MAY 2008.**

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Rigoberto GOMEZ-Sanchez

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On May 18, 2008, at approximately 1:00 A.M, Border Patrol Agent J. Spielman was advised by a Remote Video Surveillance Systems operator via service radio of one body north of the secondary fence in the area commonly known as "625," This area is approximately five mile east of the San Ysidro, California, Port of Entry. While performing line watch operations Agent Spielman responded to the area, and after a brief search found an individual attempting to conceal himself in a concrete ditch. Due to the close proximity to the United States / Mexico International Boundary Fence, which is approximately fifty yards south, and due to the fact that this area is frequently used by undocumented aliens to further their entry into the United States, Agent Spielman identified himself as a Border Patrol Agent, and conducted an immigration inspection. The subject, later identified as the defendant **GOMEZ-Sanchez, Rigoberto**, freely admitted to being a citizen and national of Mexico illegally in the United States, and did not possess any documents that would allow him to legally enter or remain in the United States. The defendant sustained a broken leg and a broken wrist from a fall from the secondary fence, and required immediate medical attention. Agent Spielman notified Imperial Beach Dispatch and a San Diego Emergency Medical Technician was dispatched to the scene. The defendant was transported to Mercy Hospital in San Diego, California and was accompanied by Agent E. Mendoza. The defendant was treated and released from Mercy Hospital and was transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on May 10, 2008 through San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and that he was willing to answer questions without an attorney present. The defendant again freely admitted to being a citizen and national of Mexico and that he possessed no immigration documentation permitting him to enter or remain in the United States legally.

**Executed on May 24, 2008 at 10:30 a.m.**

_____
Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 18, 2008**, in violation of Title 8, United States Code, Section 1326.

_____          5/24/08 @ 1:15 p.m.
Jan M. Adler                                              Date/Time
United States Magistrate Judge